UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

DONATO PISELLI; MARIE PISELLI,
individually and as parents and next
friends of Christopher Donato
Piselli, a minor,
            *Plaintiffs-Appellants,*

v.

75TH STREET MEDICAL, P.A.; LYNN
YARBOROUGH, M.D.,
            *Defendants-Appellees,*

and

VICTOR GONG, M.D. & ASSOCIATES;
VICTOR GONG, M.D.,
            *Defendants.*

No. 00-2166

DONATO PISELLI; MARIE PISELLI,
individually and as parents and next
friends of Christopher Donato
Piselli, a minor,
            *Plaintiffs-Appellees,*

v.

75TH STREET MEDICAL,
            *Defendant-Appellant,*

and

VICTOR GONG, M.D. & ASSOCIATES;
VICTOR GONG, M.D.; LYNN
YARBOROUGH, M.D.,
            *Defendants.*

No. 00-2200

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge; Paul W. Grimm, Magistrate Judge.
(CA-98-2416-L)

Argued: May 9, 2001

Certified: June 19, 2001

Before LUTTIG, MOTZ,* and KING, Circuit Judges.

---

**COUNSEL**

**ARGUED:** Richard Salter Phillips, Sr., WALSH & PHILLIPS, P.A., Easton, Maryland, for Appellants. Kurt D. Karsten, COWDREY, THOMPSON & KARSTEN, P.A., Annapolis, Maryland, for Appellees. **ON BRIEF:** Curtis H. Booth, COWDREY, THOMPSON & KARSTEN, P.A., Annapolis, Maryland, for Appellees.

---

**CERTIFICATION ORDER**

To:    The Honorable Chief Judge and Judges of the Court of Appeals of Maryland

Pursuant to Md. Code Ann., Cts. & Jud. Proc. §§ 12-603, 12-605, and 12-606, we certify to the Court of Appeals of Maryland for answer the following question:

> Whether, for purposes of the limitations periods in Md. Code Ann., Cts. & Jud. Proc. § 5-109(a), as tolled by section 5-109(b) for actions by claimants under age eleven, an action by parents brought on behalf of a child who was under age eleven at the time of his injury is time-barred

---

*Judge Motz heard oral argument in this case but subsequently recused herself. The certification order is filed by a quorum of the panel. 28 U.S.C. § 46(d).

when the claim is filed more than three years after the parents discovered the child's injury but within three years of the child's discovery of the injury.

We acknowledge that the Court of Appeals of Maryland may reformulate this question.

## I.

The facts relevant to the certified question are not in dispute. Christopher Piselli ("Christopher"), born on September 6, 1982, was not yet eleven years old on August 2, 1993, when his parents, Donato and Marie Piselli, took him to the 75th Street Medical Center (the "Medical Center") because he was limping and walking irregularly. Dr. Lynn Yarborough, the treating physician at the Medical Center, found no abnormalities in an x-ray of Christopher's upper left leg and hip and therefore released Christopher from the Medical Center.

Three days later, on August 5, 1993, Christopher was taken to the Johns Hopkins University Hospital for emergency care of an acutely slipped capital femoral epiphysis, a rare kind of hip fracture. Shortly thereafter, Christopher developed a condition known as avascular necrosis, as a result of which his left leg would not grow. He has since suffered significant medical problems, including a dramatically deformed hip.

On July 24, 1998, Donato and Marie Piselli filed this medical malpractice action, individually and as Christopher's "next friends," against Dr. Yarborough and the Medical Center. The action was filed in the United States District Court for the District of Maryland and was referred to Magistrate Judge Paul W. Grimm for all proceedings, including a jury trial.

Prior to trial, Dr. Yarborough and the Medical Center moved for summary judgment based on the affirmative defense of the statute of limitations. The district court found that there was a genuine factual dispute as to when Christopher's injury was or should have been discovered,[1] and the court therefore denied the motion for summary judgment and put these questions to the jury.

---

[1]Under the discovery rule, a statute of limitations begins to accrue when a person acquires knowledge sufficient to cause a reasonable per-

The jury returned a verdict in favor of Dr. Yarborough and against the Medical Center, finding that the Medical Center had deviated from the accepted standard of care in its treatment of Christopher and that this deviation was the proximate cause of Christopher's injury on August 5, 1993. The jury awarded damages of $410,000 to Christopher and $28,000 to Donato and Marie Piselli. By answer to the special interrogatories, the jury also found that Donato and Marie Piselli discovered Christopher's injury in November 1993 and that Christopher did not discover his injury until 1999, after this action was filed.

## II.

Following the jury's verdict, the district court ruled as a matter of law that this action is time-barred, holding that the statute of limitations in Md. Code Ann., Cts. & Jud. Proc. § 5-109 began to accrue in November 1993, when Christopher's parents had knowledge of his injury. Therefore, the court entered judgment in favor of Dr. Yarborough and the Medical Center.

Section 5-109 provides, in pertinent part:

(a) Limitations. — An action for damages for an injury arising out of the rendering of or failure to render professional service by a health care provider . . . shall be *filed within the earlier of*:

(1) *Five years of the time the injury was committed; or*

(2) *Three years of the date the injury was discovered.*

(b) Actions by claimants under age 11. — Except as provided in subsection (c) of this section, if the *claimant was*

son to make an inquiry that, if pursued with reasonable diligence, would have disclosed the existence of the allegedly negligent act and harm. *See Lumsden* v. *Design Tech Builder, Inc.*, 749 A.2d 796, 801-02 (Md. 2000).

*under the age of 11 years at the time the injury was commit-*
*ted, the time limitations prescribed in subsection (a) of this*
*section shall commence when the claimant reaches the age*
*of 11 years.*

Md. Code Ann., Courts and Judicial Proceedings § 5-109 (emphasis added). It is undisputed that Christopher was not yet eleven years old at the time the injury was committed in August 1993.[2] It is also undisputed that this action, commenced in July 1998, was filed within "[f]ive years of the time the injury was committed,"[3] § 5-109(a)(1). The relevant question, therefore, is whether this action is time-barred as not filed within "[t]hree years of the date the injury was discovered" as required by section 5-109(a)(2), the answer to which, in this case, depends upon whether the referenced "discovery" is that of the parents or that of the child.

No Maryland case addresses the question of whether, when a claim is brought by parents on behalf of a child who was injured before reaching age eleven, the three-year statute of limitations of section 5-109(a)(2) begins to accrue upon discovery of the injury by the child or upon discovery of the injury by the parents. The answer to this question is dispositive here because the action was filed within three years of the date the injury was discovered by Christopher, but more than three years after discovery of the injury by Christopher's parents. Therefore, the question is properly subject to review by the Maryland Court of Appeals on certification. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-603.

---

[2]While minority generally tolls the statute of limitations, *see* Md. Code Ann., Cts. & Jud. Proc. § 5-201(a) (stating that minority is a disability and that an applicable limitations period will run after the date the disability is removed), section 5-109(e) provides that the tolling provisions of section 5-201 "that relate to a cause of action of a minor may not be construed as limiting the application of subsection (b) . . . of this section."

[3]The district court did not specifically address the interaction between the five-year statute of repose contained in section 5-109(a)(1) and the tolling provision in section 5-109(b) because it held that this action was time-barred by Donato and Marie Piselli's earlier discovery of the injury.

Accordingly, it is hereby ORDERED:

(1)   That the question stated above be, and the same hereby is, certified to the Court of Appeals of Maryland for answer; and

(2)   That the clerk of this court forward to the Court of Appeals of Maryland, under the official seal of this court, a copy of this order, together with the original or copies of the record before this court to the extent requested by the Court of Appeals of Maryland; and

(3)   That any request for all or part of the record be fulfilled by the clerk of this court simply upon notification from the clerk of the Court of Appeals of Maryland.

The names and addresses of counsel of record for the parties are:

*Counsel for Donato Piselli, et al.*

Richard S. Phillips
Walsh & Phillips, P.A.
22 West Dover Street
P.O. Box 240
Easton, MD 21601

*Counsel for 75th Street Medical Center, et al.*

Kurt D. Karsten
Curtis H. Booth
Cowdrey, Thompson & Karsten, P.A.
621 Ridgely Avenue
Annapolis, MD 21401

United States Court of Appeals for the Fourth Circuit